Lockhart v. The State.

Judgment affirmed.

Filed Jan. 3, 1884.

No. 11,274.

## LOCKHART v. THE STATE.

PRACTICE.—*Examination of Hostile Witness.*—*Instruction.*—In a prosecution for rape, the presence of the female assaulted was procured only by attachment, and, being examined for the prosecution, she refused to testify until threatened with punishment, and then contradicted other evidence for the State. In response to questions by the court, she disclosed that she had received money from Mrs. L. to stay away from court. She was then asked, over objection, what relation Mrs. L. was to the defendant, and answered, "his mother," and afterwards said that the defendant knew nothing of this. The court instructed the jury that the answer objected to could only be considered in determining the credit due to this witness.

Lockhart *v.* The State.

*Held,* that without a motion to strike out the defendant could not complain of error.

*Held,* also, that the error, if any, was cured by the instruction.

SAME.—*Bill of Exceptions.—Transcript.*—Affidavits to support or resist a motion for a new trial are brought into the record only by order of court or bill of exceptions.

NEW TRIAL.—*Incompetent Juror.—Diligence.*—A motion for a new trial because of the incompetency of a juror will not be overruled, unless it appears that proper effort was made to discover the juror's want of competency, and that the party complaining did not know it before the jury was sworn.

From the Washington Circuit Court.

*J. A. Zaring,* for appellant.

*F. T. Hord,* Attorney General, *W. T. Branaman,* Prosecuting Attorney, and *W. H. Paynter,* for the State.

ZOLLARS, J.—Upon an indictment charging an assault and battery with intent to commit a rape, appellant was tried, convicted, and, over a motion for a new trial, sentenced to imprisonment in the State's prison. The overruling of the motion for a new trial is the only error assigned in this court.

The evidence is conflicting, and does not make a very strong case against appellant, but having been regarded as sufficient by the jury and the court below, and tending to support the conviction, we can not reverse the judgment upon the weight of the evidence.

It is insisted that the court below erred in propounding certain questions to the girl assaulted, and requiring her to answer. It appears by the record that she was attached for a failure to obey a subpoena, and that when on the witness stand she refused to answer questions propounded to her by the attorney for the State. After having compelled her to answer by threatening her with imprisonment, the court, before the attorney for the State had completed his examination, propounded to her the following questions, to which she made the following answers:

"Question. Why did you not obey the summons? Answer. Because I did not want to ; and it is none of your business.

" Ques. Did any one hire you to stay away and not appear and testify against the defendant? Ans. Yes, sir, they did.

" Ques. Who was it who hired you to stay from court? Ans. Mrs. Lockhart.

" Ques. How much did she give you? Ans. She gave me $7.15.

" Ques. What relation is Mrs. Lockhart to the defendant? Ans. She is his mother."

To all of these questions appellant objected and excepted, and his counsel now insists that in propounding them the court committed an error to his prejudice. It is especially objected that she should not have been asked as to relationship of Mrs. Lockhart to the appellant.

We think that there is no available error in this. The witness was not only an unwilling witness, but so perverse that she answered the State's attorney only when threatened with imprisonment. When she did answer, it was generally in contradiction of another of the State's witnesses. It must have been very patent to the court below that it was not her purpose to tell the whole truth in relation to the case, if, indeed, any portion of the truth. The court had the right, we think, as the attorney for the State would have had, to ascertain from her, if possible, her feeling and purpose in the case. If appellant had hired her to stay away, we know of no reason why the court might not have compelled her to state the fact to the jury. It is not the province of the court to shield the guilty or convict the innocent, but to see to it that exact justice is done to the State and the accused. For this purpose the judge may propound to witnesses of this character all such proper questions as may throw light upon their statements, and especially upon the motives that actuate them.

It would doubtless have been proper for the court to have asked the witness as to whether or not the appellant employed or induced her to absent herself from the court, and to refuse to testify against him, or to testify falsely. We know

of no reason why the attorney for the State might not have asked such a question. After she answered as to the relationship of Mrs. Lockhart to appellee, we think it would have been proper for the attorney for the State to ask her whether appellant was present when Mrs. Lockhart employed her to absent herself from the court; whether Mrs. Lockhart was acting for him with his knowledge or by his procurement.

Such questions would have been proper not only as bearing upon her motives, but also as bearing upon the guilt or innocence of appellant.

Some such questions seem to have been asked her by the State's attorney, as we find answers from her that appellant knew nothing about his mother hiring her to stay away from court; that she, the witness, had not seen him since his arrest.

To have asked her about the relationship, without any purpose of in some way connecting the acts of Mrs. Lockhart with appellant, would not have been proper, and after the witness answered that appellant had nothing to do with influencing her to remain away from court and to refuse to testify against him, it would have been a proper thing to have had the answer as to the relationship between appellant and Mrs. Lockhart stricken out and withdrawn from the jury. Appellant, however, made no motion or effort to have this done, and can not therefore complain because it was not done.

In its instruction the court charged the jury that the questions by the court and the answers thereto should not be considered by them as evidence against the defendant any further than they might, in the judgment of the jury, affect the weight to be given to the testimony of the witness. This was practically giving full credence to the statement of the witness that appellant was in no way connected with the hiring by Mrs. Lockhart, and a withdrawal of the evidence objected to except so far as it might affect the credibility of the witness.

Another reason urged for a new trial, and discussed by counsel, is the incompetency of one of the jurors. We find copied into the transcript two affidavits by third parties, in which they swear that one of the jurors, before he was called as a juror, stated that he would bet $50 that appellant would be convicted and sent to the penitentiary, and that he ought to be so convicted.

There is also copied into the transcript an affidavit by the juror in denial, and an affidavit by appellant that at the time the juror was examined as to his qualification, he falsely answered that he had not formed or expressed an opinion as to the guilt or innocence of appellant.

These two latter affidavits can not be regarded as in the record. Such affidavits are not such papers as become a part of the record by force of the statute, although filed with and in support of a motion for a new trial; that they may become a part of the record they should be incorporated into the bill of exceptions.

We, therefore, can not consider the affidavit of appellant; without it there is nothing to show that he personally or by counsel interrogated the juror as to whether or not he had formed or expressed any opinion as to the guilt or innocence of appellant; nothing to show that any kind of effort was made to ascertain that fact. For aught that appears from the record the juror was accepted without any effort on the part of appellant to inform himself as to the competency or impartiality of the juror. Nor does it appear that appellant was ignorant of the facts stated in the affidavits of the third parties. Such being the case, an objection coming after verdict for the first time is not available. *Alexander* v. *Dunn,* 5 Ind. 122; *Romaine* v. *State,* 7 Ind. 63; *Rice* v. *State,* 16 Ind. 298; *Croy* v. *State,* 32 Ind. 384; *Gillooley* v. *State,* 58 Ind. 182; *Achey* v. *State,* 64 Ind. 56.

If all of the affidavits copied into the transcript should be regarded as in the record, then we should have a conflict which was decided below, in favor of the competency of the juror.

The rule is well settled that in cases of such conflict this court can not reverse the ruling of the trial court. *Holloway* v. *State*, 53 Ind. 554.

There being no available error in the record, the judgment is affirmed.

Filed Jan. 8, 1884.