### TAPP *v.* STATE OF INDIANA.

[30,670. Filed March 11, 1966.]

*J. Bayne Burton,* of Anderson, for appellant.

*John J. Dillon,* Attorney General, and *James Manahan,* Deputy Attorney General, for appellee.

RAKESTRAW, J.—The appellant was charged by affidavit with the crime of armed robbery, and was convicted after a jury trial.

At his trial, appellant was represented by counsel of his own choosing. After his motion for new trial was overruled, he filed a petition for an attorney to represent him on appeal at public expense. His petition was granted and this appeal was taken.

After the appellant's brief had been filed, the State filed a motion to dismiss the appeal or affirm the judgment for the following reasons:

1) The appellant did not incorporate in his brief a concise statement of so much of the record as fully presents every error and objection relied upon;

2) the appellant's purported "Concise Statement of the Record" does not incorporate a copy of the assignment of errors nor present any recital as to the contents of the assignment of errors;

3) that the appellant did not file a praecipe in the office of the clerk of the trial court until five months after his motion for new trial was overruled and more than 60 days after the appearance of his appellate counsel;

4) that under the argument section of appellant's brief he failed to comply with Rule 2-17(e) and his argument contains no references whatever to any of the specifications of his motion for new trial;

5) that the appellant's motion for new trial did not set forth the rulings of the court relied upon, the grounds upon which the rulings of the court were objected to, whether they were objected to, or what the allegedly erroneous rulings of the court were. The appellee further contends that while the appellant states that the verdict of the jury is not supported

by sufficient evidence, he does not set forth in his motion for new trial or in his argument any particular in which there is insufficient evidence.

It is obvious from an examination of the appellant's brief that all of the points raised by the appellee are well taken. An examination of the appellant's brief fails to disclose even a superficial attempt to comply with the rules of this court concerning briefs. The argument section of the brief consists of seven pages. There are no definite propositions stated. There are a few cases cited in support of general unquestioned legal conclusions. Even these cases are not given proper citations as required by the rules of this court. In his argument, the appellant does not set forth any of the instructions which he indicates should have been given, does not point to any subject matter which was not covered by the court's instructions which were given, does not set forth any objections to any instructions that were given. He argues that a photograph was improperly admitted, but does not set forth any objection to the photograph and argues only that it was inflammatory. In view of the fact that the photograph in question is merely a plain photograph of the appellant in a reasonable state of dress and composure, it is difficult to see the cogency of this argument. The appellant does attempt to point out that one or two of the witnesses may have been slightly mixed up on minor details, but does not even argue that there is insufficient evidence to sustain the conviction.

If at all possible, this court will consider an appeal on the merits and will not decide an appeal on the basis of technicalities of briefing or presentation. However, when there is no legitimate question raised in the appellant's brief, it becomes difficult to pass on the merits. The court has attempted to review briefly the transcript and made an earnest effort to determine if there was any error on the appellant's trial. From our examination, we have found none.

The judgment of the trial court is therefore affirmed.

Myers, C. J., Arterburn & Jackson, JJ., concur. Archor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 646.