NATHAN H. BATES, SR. *v.* STATE OF INDIANA.
[No. 870S178. Filed June 3, 1971. Rehearing denied August 24, 1971.]

*Russell G. Lloyd, Thomas M. Swain,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, *M. Daniel Friedland,* of counsel, for appellee.

GIVAN, J.—The appellant was charged by affidavit with the crime of assault and battery with intent to kill. Trial before the court without a jury resulted in a finding of guilty of aggravated assault and battery as defined in Burns Ind. Stat., 1970 Supp., § 10-410. Appellant was sentenced to the Indiana State Prison for a period of one to five years.

The record reveals the following facts:

The alleged victim of the attack, Richard Austin, testified that he was moving from a house which he had rented from

the appellant. While Mr. Austin and his family were in the process of moving, the appellant came to the house to show it to other prospective renters. Mr. Austin informed the appellant that he should wait until they had moved out before he showed the house to others. Austin then left to go to the house to which he was moving. When he again returned, the appellant was also on the premises and talking to Mrs. Austin in the back yard of the home. Mrs. Austin called to her husband stating that she and the appellant were in the back yard. Austin stated that he went around the house to the back yard for the purpose of repeating what he had previously told the appellant. When Austin was within ten feet of the appellant, the appellant pulled a pistol from his pocket, whereupon the pistol immediately discharged. The bullet struck Austin in the side.

Appellant testified in his own behalf that when he returned to the house after the first encounter with Austin, he had a pistol in the glove compartment of his truck and that he placed it in his pocket for fear someone might take it from the glove compartment. He further stated that he had no intention of firing the pistol at Austin, but thought if he pulled it from his pocket it would scare Austin and keep him from attacking the appellant. Appellant stated that Austin was approaching him in a crouched position with one hand behind his back at the time the shot was fired, and that this attitude on Austin's part caused the appellant to be fearful.

Both Austin and his wife stated that he was not in a crouched position with one hand behind his back.

Appellant first contends the court erred in excluding the offered testimony of Evansville Police Officer John Stanfield. The altercation giving rise to the case at bar occurred on the 31st day of May, 1969. The appellant attempted to elicit testimony from Officer Stanfield concerning an arrest of Austin on July 25, 1969. This evidence was offered by the appellant to support his claim of self-defense. The general rule is that where self-defense is an issue evidence of the reputation of the victim for peace and quietude is admissible.

*Miller* v. *State* (1960), 240 Ind. 398, 166 N. E. 2d 338. It is true that in case of personal attack specific acts of aggression by the victim are admissible, if they are known to the accused at the time of the assault. In the case at bar, however, the appellant was attempting to place in evidence acts of aggression by Austin which occurred subsequent to the altercation in question and, therefore, could not have been known to the appellant at the time and, therefore, could not be a basis upon which the appellant could base apprehension sufficient to give rise to the issue of self-defense. See 1 ALR 3d at page 596.

We, therefore, hold the trial court was justified in excluding such evidence.

Appellant next contends that the finding of the trial court is contrary to law. It is appellant's contention the trial court failed to take into consideration that the Austins had abandoned the property; that the appellant had the right to be on the premises, and that he was acting in self-defense. There was ample evidence from which the trial court could find that the Austins were in the process of moving from the premises; that the altercation occurred on the 31st of May, which was the last day of their tenancy, and that they were still well within their rights to be on the premises at that time.

The evidence was conflicting as to whether Austin was approaching the appellant in a threatening manner. We have repeatedly stated that we will not weigh conflicting evidence. *Smith* v. *State* (1969), 252 Ind. 425, 249 N. E. 2d 493, 18 Ind. Dec. 189. We see nothing in this record which would indicate that the trial court's decision was contrary to law.

Appellant further contends the trial court erred in that no sufficient record was made at the sentencing hearing as required by Rule 1-11B of the then in force Rules of the Supreme Court. He states that he was harmed by the absence of record in that the trial judge sentenced him upon the erroneous belief as to the purpose of sentencing and imprisonment. He does not further elaborate on this conclusion to enlighten

us as to his theory in this regard. In this, as in any other error alleged by an appellant, he must state the manner in which he was prejudiced by the alleged error of the trial court. This he has failed to do. See *Tapp* v. *State* (1966), 247 Ind. 252, 214 N. E. 2d 646, 7 Ind. Dec. 746.

The trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 749.