**Marlon SNEAD, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1185S488.

Supreme Court of Indiana.

April 3, 1986.

Robert R. Garrett, Public Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Robbery, a Class A felony.

The facts are: On November 2, 1984, at approximately 10:30 p.m., Kenneth Grant was walking to his residence in East Chicago when appellant drove up and asked if he wanted a ride to his home. Grant accepted. When he entered the vehicle, appellant asked if he had any money. Grant stated that he did not. Instead of stopping at Grant's residence, appellant continued to drive, despite Grant's protests. Eventually appellant stopped the vehicle and struck Grant in the head. Grant fell from the vehicle. Appellant exited and again struck Grant while he was attempting to stand up.

Appellant took Grant's wallet and Grant escaped. As he neared his home, Grant alerted East Chicago police as to the robbery and was in turn taken to the hospital where it was necessary to perform surgery to repair the damage done by the blows.

Appellant testified in his own behalf and gave quite a different version. It was

his position that after Grant entered his vehicle he made homosexual overtures and that appellant struck Grant in self-defense. He denied taking Grant's wallet. This Court will not weigh the evidence nor judge the credibility of the witnesses. *Bates v. State* (1971), 256 Ind. 490, 269 N.E.2d 749.

■ Appellant contends the trial court erred in denying his trial counsel the opportunity to inquire into the victim's past conviction for assault where appellant sought to do so in order to both corroborate his defense of self-defense and to impeach the victim. So far as the self-defense question is concerned, it is not a defense to the crime of robbery. *DeBose v. State* (1983), Ind., 450 N.E.2d 71.

■ Even if we were to consider the attempt to show past convictions of assault to justify self-defense, such is not available in an assault case unless the person interposing the defense was aware of the past record of assault of the other person involved in the altercation. *Bates, supra.* In the case at bar appellant testified that he was unaware at the time of the charged offense of the victim's prior convictions; therefore, the record of the victim was unavailable in the interposing of self-defense.

■ Regarding appellant's attempt to impeach the victim by showing that he had been previously convicted of a crime, there was no showing that such crime was infamous or involved dishonesty or a false statement as required in *King v. State* (1984), Ind., 468 N.E.2d 226 and *Brown v. State* (1984), Ind., 459 N.E.2d 376.

There is nothing in the record before us to indicate the trial judge erred in excluding the testimony of the victim's prior record for assault or his prior conviction of a crime.

The trial court is affirmed.

All Justices concur.