**UNITED STATES**

**v.**

**Airman First Class Stephen R. AGEE, FR 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, United States Air Force.**

**ACM 25323.**

U.S. Air Force Court of Military Review.

11 Sept. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Deborah J. Hudspeth.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Donal F. Hartman, Jr.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

### DECISION

MICHALSKI, Judge:

A general court martial with members convicted the appellant of several assaults with a knife, wrongfully communicating a threat, and wrongfully possessing a knife. The approved sentence is a bad conduct discharge, confinement for two years, total forfeitures, and reduction to E-1.

Although the appellant assigned several errors together with invited issues, we shall only discuss the assigned error that relates to the assault upon TSgt Donald J. Graham [Specification 4 of Charge I].

WHETHER THE MILITARY JUDGE ERRED IN PRECLUDING THE DEFENSE COUNSEL FROM INQUIRING INTO AN INCIDENT INDICATIVE OF THE CHARACTER TRAIT OF AGGRESSIVENESS OF ONE OF THE ALLEGED VICTIMS WHEN THE APPELLANT RAISED THE ISSUE OF SELF DEFENSE AS TO THE ASSAULT ON THAT INDIVIDUAL.

We conclude that no error occurred and affirm. The record shows that sometime after midnight on 8 November 1985 the appellant intentionally cut another airman's hand with a four inch knife during an argument about a girl. Moments later three other airmen, in an effort to quiet the appellant because of the disturbance he was creating in the barracks hallway, persuaded him to go with them into an adjacent laundry room. One of the three, MSgt Clinton E. Walker, asked appellant to give up the knife. He refused and pocketed it instead. Later the appellant suddenly took the knife out of his pocket, opened it and threatened those persons who had attempted to quiet him. Sgt Felix M. Colon tried unsuccessfully to physically restrain him from attacking anyone. Appellant broke

away and as he went out the door cut Sgt Walker in the stomach. He brandished his weapon at several people in the hallway and threatened to "cut" them. TSgt Donald J. Graham who was in the hallway was alarmed by appellant's actions and reacted by throwing a half full beer can which apparently hit the appellant on the head. The appellant then slashed at TSgt Graham several times and cut him across the stomach. At about the same time he also cut SSgt William L. Tallichet's hand. The appellant was subdued shortly thereafter.

After TSgt Graham testified about this incident on direct examination, defense counsel asked him, "You tried to start a fight with somebody at the club, didn't you?" The prosecution objected on the basis of relevancy. In an Article 39(a), 10 U.S.C. § 839(a) session defense counsel stated he was attempting to establish through his cross examination the witness' "propensity" to engage people in altercations. However, defense counsel was unable to show that the appellant had any knowledge of this alleged "propensity" or that he even knew the victim.

Mil.R.Evid. 404(a) provides, "That evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(2) Evidence of a pertinent trait of character of the victim of crime offered by an accused." Appellate defense counsel argues that this rule should have allowed appellant to pursue the challenged line of questioning. We do not agree. This rule must be read within the context of Mil.R. Evid. 402 which defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Appellant has not shown how his lack of knowledge of the victim's purported trait of aggressiveness had any probative value or how the trier of fact conceivably could be assist-

**508**

ed by the evidence. *McIntosh v. Eagle Fire Corp. of New York*, 325 F.2d 99 (8th Cir.1963); *United States v. Burks*, 470 F.2d 432 (D.C.Civ.1972); *People v. Lucero*, 714 P.2d 498 (Colo.App.1985); *Snead v. State*, 490 N.E.2d 761 (Ind.1986); S. Saltzburg and K. Redden, *Federal Rules of Evidence Manual 87* (3rd ed. 1982).

 Notwithstanding the trial judge's ruling against the appellant on this issue, he instructed the members on appellant's claim of self defense as it related to all the assaults. We conclude that the trial judge's ruling and special instructions were proper. The appellant has suffered no prejudice.

Having examined the remaining assignments of error and the government's response thereto we deem them without merit. The findings of guilty and the sentence are correct in law and fact and no errors materially prejudicial to the substantial rights of the appellant were committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY concur.