## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 15 2015, 8:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Gary Damon Secrest
Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Douglas Bragg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 15, 2015

Court of Appeals Case No. 49A02-1412-CR-878

Appeal from the Marion Superior Court.

The Honorable Stanley Kroh, Judge Pro Tempore.

Cause No. 49G03-1401-FA-3694

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Douglas Bragg (Bragg), appeals his conviction for criminal deviate conduct, a Class A felony, Ind. Code § 35-42-4-2 (2012)[1]; sexual battery, a Class C felony, I.C. § 35-42-4-8 (2012); and theft, a Class D felony, I.C. § 34-43-4-2 (2013).

We affirm.

## ISSUE

Bragg raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied Bragg's motion to strike a prospective juror for cause because the juror was a deputy attorney general.

## FACTS AND PROCEDURAL HISTORY

On January 29, 2014, the State charged Bragg with two Counts of Class A felony criminal deviate conduct, one Count of Class B felony criminal confinement, two Counts of Class C felony sexual battery, one Count of Class C felony intimidation, and one Count of Class D felony theft. On November 5, 2014, the trial court conducted a jury trial.

During the venire, one of the prospective jurors volunteered that he was "not a law enforcement officer per se" but that he was a "deputy attorney general

---

[1] This section was repealed by P.L. 158-2013, SEC. 438 and P.L. 214-2013, SEC. 37, eff. July 1, 2014.

[and] a supervisor in [the] appeals division," working very closely with the criminal appeals attorneys. (Conf. Transcript p. 45). As such, he felt "a little uncomfortable about serving as a juror." (Conf. Tr. p. 45). When questioned by Bragg that he is "probably leaning towards favoring the State or being biased by the State," the prospective juror responded that he had "been doing that for a long time [and] [s]o there's a natural tendency probably." (Conf. Tr. p. 84). When asked whether he could be fair, the prospective juror noted

> Well, I'm not sure that I would ever say that I couldn't be entirely fair,
> but I bring to the table a lengthy experience with these kinds of things.
> And I've represented the State at the – you know, at the Attorney
> General's level in many, many things.

(Conf. Tr. p. 85). When asked by the trial court "assuming you were throughout here as a juror—throughout the whole trial, and at the end of the day, you didn't think the State met the burden of proof, would you be able to enter a finding of not guilty," the prospective juror replied, "Yes." (Conf. Tr. p. 96). He added, however, "I'm just uncomfortable about it from a [] professional [] point of view." (Conf. Tr. p. 96). After the trial court refused to strike the prospective juror for cause, Bragg peremptorily struck him.

[6] Later during *voir dire*, Bragg used his last peremptory challenge and also requested to remove two other jurors for cause because they "were pretty clear that they did not want to be on this jury, they did not feel that they could be fair" even though they did say "that they would follow the instructions." (Tr. p. 207). Bragg also requested an additional peremptory challenge because he believed that "the attorney general should have been struck for cause" so he

could have used it to strike another objectionable juror. (Tr. p. 207). After the trial court rejected the for-cause challenges and denied Bragg's request for an additional challenge, Bragg declined to accept the jury venire. The trial court allowed Bragg to make a record of his denial. At the close of the jury trial, the jury returned a guilty verdict on one Count of Class A criminal deviate conduct, one Count of Class C felony battery, and Class D felony theft.

[7] On November 26, 2014, the trial court sentenced Bragg to forty years executed with ten years suspended and three years probation for criminal deviate conduct, and two years executed for theft, with sentences to be served concurrently. The trial court merged the sexual battery charge with the criminal deviate conduct conviction.

[8] Bragg now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Bragg contends that he was denied the right to a fair trial because the trial court abused its discretion in denying his challenge for cause as to the prospective juror, who is a deputy attorney general and a supervisor in the appeals division. The decision to grant or deny a challenge for cause to a prospective juror is a matter within the trial court's discretion. *Kimbrough v. State*, 911 N.E.2d 621, 628 (Ind. Ct. App. 2009). We will reverse the trial court's decision only if it is illogical or arbitrary. *Id*. Moreover, we afford considerable deference to trial judges regarding this decision because they see jurors firsthand and are in a better position to assess a juror's ability to serve without bias and reach a

decision based on the law. *Id*. Finally, we note that the purpose of *voir dire* is to determine whether the prospective juror can render a fair and impartial verdict in accordance with the law and evidence. *Id*.

[10] The Federal and Indiana Constitutions guarantee the right to an impartial jury. *Ramirez v. State*, 7 N.E.3d 933, 936 (Ind. 2014). But selecting impartial juries depends upon the parties' discernment and the trial court's discretion to select a panel of objective and unbiased jurors "who will conscientiously apply the law and find the facts." *Oswalt v. State*, 19 N.E.3d 241, 245 (Ind. 2014) (quoting *Wainwright v. Witt*, 469 U.S. 412, 423, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985)). Removing prospective jurors—whether peremptorily or for cause—who cannot perform these tasks is the mechanism parties and trial courts use to achieve an impartial jury. *Emmons v. State*, 492 N.E.2d 303, 305 (Ind. 1986).

[11] A juror who is biased either for or against a party may be removed for cause from a jury panel. I.C. § 35-37-1-5. Bias may be actual or implied. Actual bias arises when a factual bias for or against one of the parties is shown to exist. *Smith v. State*, 477 N.E.2d 311 (Ind. Ct. App. 1985). Implied bias, which is claimed by Bragg, is a bias attributable by law to a prospective juror, regardless of actual partiality, due to the existence of a relationship between the juror and one of the parties. *Alvies v. State*, 795 N.E.2d 493, 499 (Ind. Ct. App. 2003).

[12] Our courts have previously inferred bias on the part of relatives of persons employed by the prosecutor's office, finding the relative incompetent to serve on criminal jury panels. *Haak v. State*, 417 N.E.2d 321 (Ind. 1981); *Barnes v.*

*State*, 330 N.E.2d 743 (Ind. 1975). In *Haak*, our supreme court held that implied bias existed where a prospective juror was married to an attorney who had accepted a deputy prosecutor's position in the county where the case was being tried. *Haak,* 417 N.E.2d at 322. In *Barnes*, the court found the "possibility of bias," where a juror was married to a second cousin of a member of the prosecutor's staff who was slightly involved in the trial. *Barnes*, 330 N.E.2d at 746-47. This presumption of bias rested upon the assumption that a deputy prosecutor, by virtue of his employment, would identify so strongly with the interest of the State he would be unable to fairly adjudge its case against a defendant. *Smith*, 477 N.E.2d at 313-14. As our supreme court reasoned in *Block v. State*, 100 Ind. 357, 365 (Ind. 1885), "it is almost impossible, however incorruptible one may be, not to bend before the weight of interest; and the power of employer over employee is that of him who clothes and feeds over him who is fed and clothed."

[13] Nevertheless, I find this line of cases distinguishable from the situation at hand. Here, the prospective juror was not a member of—or related to a member of—the prosecutorial arm of the State that charges and prosecutes criminal actions, but rather, was employed by a different State agency, *i.e.*, the office of the attorney general. While the prospective juror, as deputy attorney general, professed a knowledge of criminal appeals, he was not connected to the prosecution of the instant case and thus had no "relationship" to "one of the parties." *See Alvies*, 795 N.E.2d at 499.

[14] Furthermore, by asking its own questions and also allowing both parties to question the prospective juror, the trial court properly analyzed the alleged bias and considered the nature of the prospective juror's presumed bias. Even though the prospective juror expressed some discomfort "from a professional [] point of view," he did not assert any bias toward Bragg. (Conf. Tr. p. 96). Also, I cannot find bias in the prospective juror's statement that he had a "probable" "natural tendency" to favor the State. (Conf. Tr. p. 84). *See, e.g., Oswalt*, 19 N.E.3d at 249-50 (our supreme court did not find bias where a juror expressed discomfort and uttered the statement that he would not want a juror like himself adjudicating the case). Rather, upon questioning, the prospective juror affirmed that he could be fair throughout the proceedings and would hold the State to its burden of proof. The timely disclosure of a juror's alleged relationship with a witness or a party, coupled with an assertion that the juror will remain impartial, adequately protects a defendant's right to an impartial jury. *McCants v. State*, 686 N.E.2d 1281, 1285 (Ind. 1997). "Our justice system depends on jurors who appreciate the gravity of the cases they are called upon to try, so long as they demonstrate a commitment to impartiality and a willingness to dutifully follow the court's instructions." *Oswalt*, 19 N.E.3d at 250.

[15] Accordingly, because I do not find presumed bias in the case of a prospective juror who is a deputy attorney general under the circumstances before me, I cannot conclude that the trial court abused its discretion in denying Bragg's challenge for cause.

## CONCLUSION

Based on the foregoing, I conclude that the trial court properly denied Bragg's motion to strike for cause.

Affirmed.

Bailey, J. concurs in result with separate opinion

Barnes, J. concurs in part and dissents in part with separate opinion

Douglas Bragg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

Court of Appeals Case No.
49A02-1412-CR-878

## Bailey, Judge, concurring in result.

[20]     I, unlike my colleague Judge Riley, believe that Prospective Juror S should have been dismissed for cause. However, in my view, Bragg failed to demonstrate that he was denied an impartial jury, consistent with our supreme court's guidance in *Weisheit v. State*, 26 N.E.3d 3 (Ind. 2015). Thus, I write separately to explain my reasoning.

[21]     "Our justice system depends on jurors who appreciate the gravity of the cases they are called upon to try, so long as they demonstrate a commitment to impartiality and a willingness to dutifully follow the court's instructions." *Oswalt v. State*, 19 N.E.3d 241, 250 (Ind. 2014). In *Oswalt*, our supreme court reiterated: "The Federal and Indiana Constitutions guarantee the right to an impartial jury" and explained how the mechanism of prospective juror removal is used to achieve an impartial jury. *Id.* at 245-46. Peremptory challenges give

parties the nearly unqualified right to remove any prospective juror they wish, restricted only by the finite allotment of challenges[2] and the constitutional ban on racial, gender, and religious discrimination. *Id.* at 246. The exercise of a peremptory challenge is not subject to the trial court's control, and the party making the challenge is not generally required to explain the underlying reasons. *Id.*

[22] By contrast, for-cause motions are available to exclude jurors whose views would prevent or substantially impair the performance of his or her duties as a juror in accordance with the instructions given and the oath taken and thus violate the defendant's Sixth Amendment rights. *Id.* Indiana Code section 35-37-1-5 and Indiana Jury Rule 17 list additional bases for removing a prospective juror for cause. *Id.* A juror removed under these constitutional or statutory provisions is considered an "incompetent" juror while a juror not removable for cause but stricken at a party's wish is termed "objectionable." *Id.* Strikes for cause require trial court approval, and so parties may seek appellate review of unsuccessful for-cause motions. *Id.*

[23] We review the decision on a for-cause challenge for an abuse of discretion. *Id.* at 245. The trial court is in a unique position to observe and assess the demeanor of prospective jurors as they answer questions, and thus we afford

---

[2] Pursuant to Indiana Jury Rule 18(a), a defendant charged with a Class A felony is entitled to ten peremptory challenges.

substantial deference to the trial court's decision. *Id.* Error is found only if the decision is illogical or arbitrary. *Id.*

[24] Reversible error occurs only when the error has prejudiced the defendant. *Id.* at 249 (citing *Woolston v. State*, 453 N.E.2d 965, 968 (Ind. 1983)). When a party exhausts all peremptories and is forced to accept an objectionable or incompetent juror, any erroneous for-cause motion is prejudicial because it deprives the party of a peremptory challenge that could have been used. *Id.* "'The issue of whether the defendant had an impartial jury must focus on one or more of the jurors who actually sat and rendered the decision,'" and thus "at least one incompetent or objectionable juror must actually have served on the jury." *Id.* (quoting *Ward v. State*, 903 N.E.2d 946, 954-55 (Ind. 2009)).

[25] Bragg contends that Prospective Juror S, by virtue of his lengthy advocacy for the State in criminal matters, was "impliedly biased." Appellant's Brief at 5. A juror's bias, supporting excusal for cause, may be actual or implied. *Joyner v. State*, 736 N.E.2d 232, 238 (Ind. 2000). "Implied bias" is attributed to a juror upon a finding of a relationship between the juror and one of the parties, regardless of actual partiality. *Id.*

[26] The State argues that Prospective Juror S has a "tenuous" relationship with the "prosecutorial arm of the State." Appellant's Brief at 7. I disagree. Although Prospective Juror S does not represent the State at the trial court level, he has long done so at the appeals level. His employment had spanned more than a decade and, as of the time of trial, he was a supervisor who worked closely with

attorneys involved in criminal appeals. The appeals process is frequently a continuation of the criminal proceedings, as a person convicted of a crime in Indiana has a right to an appeal pursuant to Article 7, Section 6 of the Indiana Constitution.

[27] Given the unique circumstances of Prospective Juror S's employment, a finding of implied bias would have been warranted. Moreover, Prospective Juror S arguably expressed actual bias in favor of the State. Although he expressed willingness to follow instructions, he repeatedly acknowledged his favoritism and his lengthy role as an advocate for the State in appellate matters. Pursuant to Indiana Jury Rule 13, prospective jurors are required to swear or affirm that he or she "will honestly answer any question asked … during jury selection." We are not in a position to assess the credibility of a prospective juror. No challenge was made to the truthfulness of Prospective Juror S's representations. As such, we must take Prospective Juror S at his word for purposes of review, and he should have been excused for cause.

[28] That said, two things must occur in order to obtain a reversal of a conviction based on a claim of error in a trial court's denial of a juror challenge for cause. First, a defendant must exhaust all of his or her peremptory challenges if a challenge for cause is denied. *Oswalt*, 19 N.E.3d at 247. Second, a defendant must show that an incompetent or objectionable juror served on the jury as a result of a trial court's erroneous rejection of a for-cause challenge. *Id.* Near the end of voir dire, Bragg's counsel advised the trial court that all his peremptory challenges had been used. Also, the State does not suggest that

Bragg failed to comply with the exhaustion rule. The first requirement of *Oswalt* appears to be satisfied. However, Bragg does not develop an argument with regard to the second requirement, service by an incompetent or objectionable juror.

[29] In *Weisheit,* our supreme court clarified that the appellant who makes a claim under the *Oswalt* framework bears the burden of establishing that an incompetent or objectionable juror served on his jury.

> Though Weisheit satisfied the exhaustion rule by exhausting his peremptory challenges, he does not establish that an "objectionable" juror served on his jury. He neither identified which particular juror(s) were objectionable nor explains why he wished to strike the juror(s); he simply states that in expending all of his peremptory challenges, he "was forced to accept other jurors who, although not necessarily positioned to be challenged for cause, were biased against his evidence in either the guilt phase, the penalty phase, or both." (Appellant's Br. at 49.) Under *Oswalt* his conclusory assertion that he was forced to accept biased jurors is not nearly enough for us to find reversible error.

26 N.E.3d at 13.

[30] Bragg focuses his appellate argument upon Prospective Juror S's alleged incompetence, and the preservation of one peremptory strike. At the same time, he suggests that an impartial jury would have included neither Juror A or O. He does not identify a particular juror that he would have eliminated with a preserved peremptory strike, nor does he request our review of either Juror A or O. With respect to these jurors, Bragg summarily states: "The presence of both Juror O and Juror A on Mr. Bragg's jury and the inability of his counsel to strike one of them deprived him of an impartial jury and prejudiced him."

Appellant's Brief at 8. According to our supreme court's guidance in *Weisheit*, a conclusory allegation of forced acceptance of biased jurors is not nearly enough to support reversal.

[31] For the foregoing reasons, I conclude that Bragg has not established grounds for reversal of his conviction. I concur in the result reached, that is, the affirmation of Bragg's convictions for Criminal Deviate Conduct and Theft.[3]

---

[3] Although the jury found Bragg guilty of one count of Sexual Battery, the trial court did not enter a judgment of conviction thereon.

| | |
|---|---|
| Douglas Bragg, | [Add Hand-down date] |
| *Appellant-Defendant,* | Court of Appeals Cause No. 49A02-1412-CR-878 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Stanley Kroh, Judge Pro Tempore |
| *Appellee-Plaintiff* | Trial Court Cause No. 49G03-1401-FA-3694 |

**Barnes, Judge, concurring in part and dissenting in part.**

[32] I concur with Judge Bailey's conclusion that Juror S was subject to removal for cause because, as a deputy attorney general with responsibility for criminal appeals, he was at least impliedly biased in favor of the State.

[33] However, I dissent from Judge Bailey's conclusion that Bragg failed to establish reversible error in the denial of his for-cause challenge to Juror S. As our supreme court has succinctly explained, "If on appeal you then prove both the erroneous denial [of a challenge for cause] and that you were unable to strike another objectionable juror because you exhausted your peremptories, you are entitled to a new trial, full stop." *Merritt v. Evansville-Vanderburgh Sch. Corp.*, 765

N.E.2d 1232, 1237 (Ind. 2002). Moreover, for purposes of the exhaustion rule, objectionable jurors are deemed to be equally prejudicial to incompetent jurors, i.e. ones removable for cause; an appellant need not prove that an objectionable juror was incompetent. *Oswalt v. State*, 19 N.E.3d 241, 249 (Ind. 2014) (quoting *Merritt*, 765 N.E.2d at 1236 n.6). In *Oswalt*, counsel for the defendant attempted to remove Juror 28 for cause, which was denied, but used his last peremptory to remove Juror 25, not Juror 28, based on his "gut." *Id.* at 248. The *Oswalt* court held that this satisfied the *Merritt* exhaustion rule and preserved appellate review of the denial of the challenge for cause to Juror 28. *Id.*

[34] In *Weisheit v. State*, 26 N.E.3d 3 (Ind. 2015), our supreme court addressed a case in which the defendant failed to specifically identify any juror whom he was unable to remove because of the exhaustion of peremptories and failed to state any reason why he wanted to remove any such juror. The court held that the defendant's "conclusory assertion that he was forced to accept biased jurors is not nearly enough for us to find reversible error." *Weisheit*, 26 N.E.3d at 13.

[35] My colleague finds this case to be like *Weisheit* and not *Oswalt*. I disagree. Here, trial counsel specifically identified two jurors—Juror O and Juror A– either of whom she could have struck if she had not had to use a peremptory challenge on Juror S. Trial counsel noted that both of these jurors had expressed doubt during voir dire that they could be fair and in presuming that Bragg was innocent. I believe this specificity satisfies *Oswalt*.

[36] "The Federal and Indiana Constitutions guarantee the right to an impartial jury." *Oswalt*, 19 N.E.3d at 245. Peremptory challenges are an important tool in guaranteeing fair and impartial juries. *Id.* at 246. Subject to limits such as prohibiting removal for discriminatory reasons, peremptory challenges to jurors that counsel or client finds objectionable are more often than not based on "hunches" that "are difficult if not impossible to explain to a trial court or opposing counsel . . . ." *Id.* I do not believe it is a defendant's burden to explain in detail why he or she wanted to use a peremptory challenge on a particular juror. *Oswalt* identified a "gut" feeling about a particular juror as being sufficient. Trial counsel here specifically explained why she found Juror O and Juror A objectionable.

[37] I understand Bragg is accused of committing a very serious and heinous crime. However, our judicial system is premised on the theory that even the least pleasing criminal defendant gets a "fair shake." I do not think that happened here. The fairness and impartiality of the jury can certainly be called into question.

[38] I believe Juror S should have been subject to a cause challenge, removed, and that Bragg has satisfied the exhaustion rule. As such, I believe his convictions should be reversed, and the cause remanded for a new trial.