**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bernie Eugene GIPSON, Defendant-Appellant.**

**No. 16168.**

United States Court of Appeals
Seventh Circuit.

Oct. 18, 1967.

Thomas Lockyear, Evansville, Ind., for appellant.

Richard P. Stein, U. S. Atty., Edward F. Kelly, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and CUMMINGS, Circuit Judges.

PER CURIAM.

This appeal is from a conviction under a provision of the Dyer Act prohibiting the receipt and concealment of a stolen motor vehicle (18 U.S.C. § 2313). The indictment charged that on June 22, 1966, in Evansville, Indiana, defendant received and concealed a 1963 Oldsmobile that had been transported interstate, and that he knew the car had been stolen. The defendant was found guilty after a bench trial.

The evidence showed that this Oldsmobile belonged to Leonard Smith of Griffith, Indiana, and that he immediately reported its Calumet City, Illinois, theft on December 5, 1965. The title to the car was in the name of the owner's father, Emmett Smith.

The District Court received testimony that defendant, using the name of Emmett Smith, had been arrested in Florida in March 1966 for motor vehicle violations, and that he was then driving the stolen Oldsmobile. The court also received in evidence an April 1966 application for an Alabama license tag for this Oldsmobile. This application was signed in the name of Emmett Smith but was not in the handwriting of the owner's father. An Indiana police officer testified that defendant admitted he had obtained the Alabama registration in the name of Emmett Smith.

On June 22, 1966, Allen Goodridge borrowed this Oldsmobile from defendant in Evansville, Indiana. While driving the car three or four hours later, he was arrested for second degree burglary. The car then bore Alabama license plates.

■ On appeal, although conceding that such evidence would be admissible to show a scheme or plan or identity, defendant asserts that the District Court should not have received evidence concerning the Florida motor vehicle violations. This evidence disclosed his claim to be Emmett Smith, the title-holder of the automobile. Proof of the Florida offenses was properly admitted to show defendant's scheme or plan to conceal his wrongful possession of the car. E.g., United States v. Crowe, 188 F.2d 209, 212 (7th Cir. 1951).

■ Defendant also asserts that documentary evidence concerning his two Florida arrests and concerning the Alabama license application was improperly received. The Florida documents were received to corroborate the testimony of the two Florida police officers. They certainly would not tend to prejudice the District Court trying this case, for he had already properly received testimony about defendant's Florida arrests. The Alabama application was received to show that this Oldsmobile had been in Alabama and that the same Alabama plates found on the car on June 22, 1966, had been issued for this car. This evidence was relevant to show that defendant had resorted to concealment. It also bore on the interstate transportation of the car. In our view, the Alabama document was of sufficient probative value to justify its admissibility. A trial judge has wide latitude in ruling on relevancy and materiality. We conclude that there was no abuse of discretion in receiving the three documentary exhibits.

■ Defendant finally contends that the evidence was insufficient to justify his conviction. We have read the trial transcript and exhibits and have determined that the evidence amply supports the finding of guilt.

The judgment is affirmed.