RAINES V. STATE OF INDIANA.

[No. 667S14. Filed October 15, 1968.]

*Bruce R. Snyder* and *Bruce E. Bloom,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *Richard V. Bennett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is a criminal prosecution in which the appellant was charged with and convicted of murder in the second degree.

The evidence shows that the appellant was acquainted with the deceased and spent some time with him on the afternoon of his death. They were roommates. On the evening of June 18, 1966, the decedent was seen alive, and about 9:00 P. M. on the same date the appellant was observed in a rest room in the building where a blood-stained undershirt was found and a blood-stained sheet which came from the bed of the decedent. The next morning the appellant was wearing clothing that was blood-stained.

The evidence shows that the decedent was cut with a knife about the throat, which was the cause of his death on the night of June 18, 1966.

The evidence which pointed to the appellant as the killer was circumstantial. We need not, however, go into the question of the insufficiency of the evidence. Although a number of issues are raised for our consideration on appeal, we shall consider only one. A witness produced by the state testified that on the same night, *after* the alleged murder took place, he and the appellant stayed at a hotel and committed homosexual acts with each other. Proper objections were made as to this testimony, and it is claimed, and apparently uncontradicted, that there was no evidence that homosexuality had any connection with the alleged murder. Sex or sex crimes, so far as the evidence is concerned, were not involved in the homicide. In order to make evidence of another crime admissible, it must appear to have a connection with the crime charged. The most common connection is a similarity with the plan or scheme under which the crime charged was committed. Of course, motive may be shown for a particular crime, but there is no evidence which reveals the motive of the crime involved.

The evidence complained of was highly prejudicial to the appellant and shows no similar nature or scheme connecting it with the crime charged. *Layton* v. *State* (1966), 248 Ind. 52, 221 N. E. 2d 881; *Fehlman* v. *State* (1928), 199 Ind. 746, 161 N. E. 8; *State* v. *Robbins* (1943), 221 Ind. 125, 46 N. E. 2d 691.

The judgment of the trial court is reversed, with directions to grant a new trial.

Lewis, C. J., and Hunter and Jackson, JJ., concur. DeBruler, J., not participating.

NOTE.—Reported in 240 N. E. 2d 819.