**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Guy MARLIN et al., Defendants-
Appellants.**

**Nos. 72–1187 to 72–1189.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 20, 1972.

Decided Nov. 29, 1972.

Rehearing Denied Jan. 26, 1972.

Edward G. Maag, Belleville, Ill., James J. Massa, Collinsville, Ill., for defendants-appellants.

Donald B. Mackay, U. S. Atty., Max E. Goodwin, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, CUMMINGS, Circuit Judge, and GORDON, District Judge.*

MYRON L. GORDON, District Judge.

The appellants in this action were convicted of breaking the seals of a certain railroad car and stealing three cases of Pabst canned beer in violation of 18 U.S.C. §§ 2, 659 and 2117. The appellants Morgan and Marlin (who had no previous convictions) were sentenced to prison terms of three years and six years, respectively. The appellant Edwards (with one previous conviction) received a sentence of eight years.

The facts adduced at trial were that on the evening of April 30, 1971, a private detective, employed by the railroad, placed a so-called "detection fluid" on the door handles, seals, and lock wires of certain railroad cars at Springfield, Illinois. During the early morning hours of May 1, 1971, other privately hired railroad detectives and also several FBI agents conducted a physical surveillance of a railroad siding near Mont, Illinois. The train pulling the railroad cars with the detection fluid was observed to come into the Mont siding at approximately 5:20 A.M.; the doors of the railroad cars were observed to be

* District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

in a locked position. The train remained on the Mont siding for approximately 20 minutes. During this time, no persons were observed in or near any part of the train. When the train departed the Mont siding, the doors of several railroad cars were observed to be in open position.

Shortly after the train had departed, another privately hired railroad detective, Mr. Isom, and an FBI agent, Mr. Bond, were stationed some distance away from the Mont siding and out of sight of the train. From their position, Isom and Bond observed a vehicle turn on its headlights, emerge from a field, and proceed north on Old Troy Road. Isom and Bond then drove their car on Old Troy Road to intercept this vehicle.

As they approached the vehicle, Bond observed that the vehicle was a pickup truck which he had seen earlier on Old Troy Road at approximately 2:00 A.M. that morning. The pickup truck was stopped and all of its occupants were immediately placed under arrest. The arrests were accomplished, without warrants, by the railroad employee, Isom; the record is clear that the FBI agent did not take part in the arrest. While Isom was handcuffing the suspects, he observed that the hands of some of the suspects appeared to be dirty. However, neither Isom nor Bond had participated in the application of the detection fluid, and the record does not disclose that they were informed of such application. A search of the pickup revealed a crowbar and other tools.

Subsequent to the arrest of the appellants, Mr. Isom walked along Old Troy Road and came upon tire tracks leading from a freshly plowed field. Two cases of Pabst canned beer were discovered at the end of the tracks, and a third case of Pabst canned beer was found approximately 20 feet away. In addition, certain seals and pieces of wire were found near a fence about 100 to 200 yards from the railroad tracks.

At trial, the appellants moved to suppress the evidence seized as a result of the warrantless search made incidental to their arrest. After an evidentiary proceeding outside the presence of the jury, the district judge denied such motions. We find that the trial court erred in refusing to suppress that evidence and that such error requires us to reverse and remand.

■■ At the time of the arrest of the appellants, neither Isom or Bond was aware that a theft from an interstate shipment had occurred or that the appellants had been in or near the particular train in question. On that record, the trial court was obliged to hold that there was no probable cause for the arrest of these appellants. See Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). An unlawful arrest or search may not be justified by what is found thereafter. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

■■ The appellants also urge that the trial court erred in admitting into evidence a bottle of detection fluid bearing a label suggesting its use to trap "sneak thieves". The defendants urge that the latter expression prejudiced them in the eyes of the jury. The exhibit was admissible since there was testimony indicating that the handles of certain railroad cars were painted with the fluid and that the fluid left a stain when applied to the hands of a railroad detective, Mr. Moore. There was sufficient probative value to justify its admissibility notwithstanding the defendants' suggestion that its language would create hostility against defendants. A trial judge has wide latitude in ruling on relevancy and materiality. Abel v. United States, 362 U.S. 217, 239, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); United States v. Gipson, 385 F.2d 341 (7th Cir. 1971).

■■ The appellants also assign error to the early morning hours of deliberation by the jury and to the allegedly harsh sentences imposed upon them. These matters would appear to rest with-

in the discretion of the trial court. United States ex rel. Long v. Pate, 418 F.2d 1028 (7th Cir. 1969).

The judgments of conviction are reversed, and the action is remanded.