MICHAEL HOLT *v.* STATE OF INDIANA

[No. 3-378A76. Filed November 29, 1978.
Rehearing denied December 29, 1978.]

*Timothy F. Kelly, Robert F. Parker, Beckman, Kelly and Smith,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Terry G. Duga,* Deputy Attorney General, for appellee.

STATON, J. — After being charged with first-degree burglary, appellant Michael Holt filed a special plea of insanity. Prior to trial he sought to prohibit the State's witnesses from referring to other crimes with which he was charged. Subsequently, two court-appointed physicians testified to Holt's alleged involvement in a murder-burglary committed approximately two months prior to the burglary for which he was convicted.

Finding no error, we affirm.

On appeal, Holt argues that the trial court committed reversible error when it admitted testimony by physicians regarding other criminal acts allegedly committed by Holt.

Holt was charged with the first-degree burglary of the residence of Father Jovan Todorovich, the parish priest of St. Sol Orthodox Church. After requesting a trial by jury, Holt filed a special plea of insanity. When the matter came up for trial, Holt filed an oral motion in limine, seeking to prohibit the State's witnesses from referring to a murder-burglary with which Holt was charged. During discussion on the motion, the State agreed to elicit no testimony on Holt's other criminal charges from lay witnesses. However, the State indicated it expected to question the court-appointed physicians as to the basis of their opinions about Holt's sanity. The court stated that discussion of the murder-burglary could actually help the defense as far as the insanity plea was concerned. After taking the motion in limine under advisement, the court denied it.

At trial, over Holt's objections, two physicians testified to having interviewed Holt with respect to two crimes, the burglary at hand and the previous murder-burglary. Holt told the physicians that he had little or no recollection of either crime. One physician testified that he found no evidence of mental defect or illness in Holt. The other testified that he felt Holt was able to control his behavior and understand right from wrong. Holt was convicted of first-degree burglary.

In his brief, Holt argues that the prejudicial impact of the physicians' testimony as to the murder-burglary far outweighed its probative value and that such evidence should not have been admitted.

Normally, evidence of other crimes committed by a defendant is not

admissible at trial. However, when Holt entered a plea of not guilty by reason of insanity, the court could invoke a recognized exception to that rule. In a prosecution in which the sanity of a defendant is at issue, all relevant evidence of a defendant's past behavior, including criminal acts, is admissible for the purpose of determining his sanity. *Barnes v. State* (1975), 263 Ind. 320, 330 N.E.2d 743; *Twomey v. State* (1971), 256 Ind. 128, 267 N.E.2d 176; *Stacks v. State* (1978), 175 Ind.App. 525, 372 N.E.2d 1201.[1]

The evidence relating to Holt's involvement in the previous murder-burglary was admissible if it was relevant to the issue of Holt's sanity.[2]

The trial court has wide latitude in determining the relevancy of evidence. *Barnes v. State, supra,* 330 N.E.2d 743, The trial court in the present case indicated that it felt it could not foreclose the physicians from taking the murder-burglary into account when rendering their opinions as to Holt's sanity.

This case is very similar to *Whitten v. State* (1975), 263 Ind. 407, 333 N.E.2d 86, 90, wherein the court noted:

"The evidence of prior crimes and criminal charges came in by way of the State's cross examination of the defendants' psychiatrist witness as to what information the defendants had related to him during their examinations. The State was entitled to elicit such information as bearing upon the credibility of the conclusions drawn by the psychiatrist. If incorrect inferences might thereby have been drawn from such line of cross examination, the defendants were at liberty to dispel them."

We find the trial court did not err in admitting the physicians' testimony.

---

1. Holt cannot rely upon *Stacks* to support his arguments. In *Stacks,* the court considered the possible prejudicial effect of a psychiatrist's reference to other *cause numbers* for which he had examined the defendant. An admonishment was held to have cured the possible prejudice in that case.

2. In his brief, Holt argues that "relevance" implies a court finding that the probative value of evidence is so great that it overcomes the prejudicial effect of the evidence. This is not the test of relevance in Indiana. Any evidence which tends to prove or disprove a disputed fact is relevant. *Cooper v. State* (1974), 261 Ind. 659, 309 N.E.2d 807, 810.

The judgment of the trial court is affirmed.

Hoffman, J., concurs;

Garrard, P.J., concurs in result.

NOTE—Reported at 382 N.E.2d 1002.