Carrie DOUGLAS, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 1184S466.

Supreme Court of Indiana.

March 20, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Carrie Douglas appeals denial of relief in the trial court sought pursuant to the provisions of Ind.R.P.C. 1.

Petitioner was convicted in the Marion Superior Court, Criminal Division Two of the crime of rape, and sentenced to life imprisonment. His conviction and sentence were affirmed by this Court in a direct appeal. *Douglas v. State* (1982), Ind., 441 N.E.2d 957. He filed a petition for post-conviction relief in the same court and his petition was denied. He now presents three issues for our consideration:

1. the State failed to disclose at trial that a State's key witness was threatened in order to induce her cooperation;

2. ineffective assistance of counsel; and

3. his conviction is in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Petitioner Carrie Douglas was convicted of having sexual intercourse with his twelve-year-old daughter. Veronica Palfrey, wife of Petitioner and mother of the victim, was also charged with child neglect. She testified for the State at trial that the daughter told her Carrie Douglas had forced the daughter to have sexual relations with him.

In post-conviction proceedings, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. The trial court's decision will be reversed only where

the evidence is without conflict and leads unerringly to a result not reached by the trial court. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294–295; Ind.R.P.C. 1, § 5.

## I

■ Veronica Palfrey testified for the State at trial and in doing so stated she was not induced by any threats or promises to give her testimony. She later was found guilty of child neglect herself and received a sentence of two years but was put on probation for the entire period.

At the post-conviction relief proceedings, Veronica Palfrey stated that she testified for the State at trial because a detective told her that she would be in as much trouble as Carrie Douglas if she did not testify. Based on this testimony, Petitioner claims he has a right to have his conviction set aside since there was a failure by the State to disclose exculpatory evidence. He likens this situation to one considered in *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684, in which an accomplice had been given an agreement of leniency in return for his testimony against the defendant. *Newman,* provided that failure to disclose such an agreement of leniency required that the defendant's conviction be reversed. Such is not the case here. There is no evidence that there was ever an agreement of leniency between the State and Palfrey. This fact distinguishes the present case from *Newman.* Furthermore, there is no showing here that the State did fail to disclose any exculpatory evidence regarding the questionable credibility of one of its witnesses. Witness Veronica Palfrey did not claim that she ever communicated the statement made to her by the detective to anyone or that the content of her testimony was based on such statement. In fact, she testified to the contrary. In response to questions put to her by the judge at the post-conviction relief hearing, she testified that the detective did not tell her what to say, that her only testimony was that the victim had told her that Petitioner had had sexual intercourse with the victim, and that that testimony was truthful in every respect. There also was much other evidence from other witnesses that resulted in Petitioner's conviction. Petitioner has not carried his burden of demonstrating reversible error on this issue.

## II & III

■ Petitioner attempts to raise an issue of ineffective assistance of counsel in his post-conviction relief petition. This issue was raised and considered at great length in his original appeal, and is not the proper subject for re-litigation in post-conviction proceedings. *Rinard v. State* (1979), 271 Ind. 588, 592, 394 N.E.2d 160, 163.

■ Finally, Petitioner claims his conviction is in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. He makes no argument and cites no authority for this theory. No facts or circumstances are pointed out to support his contention other than his bare statement that it is so. Thus, no issue is presented for review. *Reed v. State* (1985), Ind., 479 N.E.2d 1248, 1253.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

At appellant's trial on the charges, his daughter, the alleged child victim denied that appellant had assaulted her sexually. The prosecution was thereby put under extreme pressure to produce every scrap of circumstantial evidence to support its several charges which spanned a three year period. At the end of its string of witnesses, the prosecution called appellant's ex-wife, Veronica Palfrey, the mother of the child victim, to the stand. Veronica Palfrey was not listed in the ordinary manner as a prosecution witness, and consequently defense counsel objected to her testifying. The court permitted her to testify because

her name had come up in the course of pre-trial discovery.

Veronica Palfrey gave key testimony which in my mind provided substantial support to the state's case. She testified that the victim told her that appellant was fooling with her and that she then went to ask her mother Roxie Cade what could be done about it.

Veronica Palfrey testified at the post-conviction hearing that she was under a child neglect charge at the time of her testimony at trial and that her reason for testifying was that the detective, ".. has told me if I hadn't testified in his behalf that I was in just as much trouble as he was in, and I was facing a term of four (4) years in Women's Prison." She was then asked what she thought would happen if she didn't testify for the State, and she replied, "I would be doing just as much time, probably, as he was doing for nothing." Counsel for Douglas testified at post-conviction proceedings that he was not informed of these threats. After appellant's trial she made a plea of guilty and received two years on probation.

Denial of due process and grounds for reversal arise under the Indiana Constitution Art. I, § 12 and the Fourteenth Amendment when the police or the prosecuting lawyers negligently withhold material evidence. *Hale v. State* (1967), 248 Ind. 630, 230 N.E.2d 432. Evidence bearing upon the reliability of important state witnesses is material in this sense, *Giglio v. United States* (1972), 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104, because there is a reasonable likelihood that it would affect the judgment of the jury. The detective created material evidence when he threatened Palfrey with maximum penalties, and there fell upon the state the duty in presenting that witness in court, to insure that this material evidence was before the jury or in the hands of defense counsel, before the witness stepped down.

Veronica Palfrey did, as pointed out by the majority, go on under questioning by the court and state at the post-conviction hearing that she had not lied at the trial, and the detective had not told her what to say. I cannot give the exceptional mollifying force to these statements that the majority does. It is not surprising that she would not tell the judge that she had lied under oath in his court, and furthermore, it is not merely the lie which the requirement of disclosure of this kind of influencing is intended to retard or expose, but the exaggeration and the subtle implication as well. Furthermore, it is obvious that the detective did not need to spell out the facts which he wanted her to testify to, since that was amply communicated by his order to get out there and testify "in his behalf", that is, in support of the charges.

It may be that the State needs to exploit and press to the maximum its natural advantages in order to protect children from their parents in incest situations. However that interest cannot be permitted to justify this type of prosecutorial overreaching. It is my judgment that appellant was denied a fair trial when the witness Palfrey was permitted to step down from the stand while the jury remained ignorant of the control which the prosecution was then exercising over her. I would reverse the judgment and order a new trial.