**Larry L. WHEELER,**
**Petitioner-Appellant,**

**v.**

**STATE of Indiana,**
**Respondent-Appellee.**

**No. 74A01–8611–PC–314.**

Court of Appeals of Indiana,
First District.

March 26, 1987.
Rehearing Denied May 12, 1987.

Larry L. Wheeler, pro se.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Larry L. Wheeler (Wheeler), appeals the Spencer Circuit Court's denial of his petition for post-conviction relief.

We affirm.

## STATEMENT OF THE FACTS

Wheeler, along with two co-defendants, was convicted after a jury trial of criminal confinement while armed with a deadly weapon, criminal confinement, conspiracy to commit criminal confinement, two counts of attempted theft, and conspiracy to commit kidnapping. On direct appeal, our supreme court vacated the criminal confinement conviction as a lesser included offense, but affirmed the other convictions. *Hopper v. State* (1985), Ind., 475 N.E.2d 20.

Wheeler filed a petition for post-conviction relief, alleging that the prosecutor, Eric K. Ayer, was related to a juror, Ellen Schroeder, in the original proceeding. Neither the prosecutor nor the juror was aware of their relationship until after the jury returned its verdicts. Wheeler also raised the issue of entrapment.

On December 27, 1985, the trial court entered its Findings of Fact and Conclusions of Law. It found that Ayer and Schroeder are second cousins once removed, that there was no intentional concealment of their relationship, and that neither the prosecutor nor the juror committed misconduct. The trial court concluded that the relationship between the prosecutor and the juror was too remote to warrant a retrial, and declined to entertain the issue of entrapment, as it had been litigated both at the original trial and on direct appeal. Wheeler then instituted this appeal.

## ISSUES

Wheeler presents the following issues for our review:

I. Whether the trial court erred in denying a retrial based upon the familial relationship between the prosecutor and the juror.

II. Whether Wheeler could raise the issue of entrapment when it had been adjudicated on direct appeal.

## DISCUSSION AND DECISION

### ISSUE ONE: *Familial Relationship*

■ Wheeler claims that he was denied a fair trial as guaranteed by the United States and Indiana Constitutions because the prosecutor and a juror are related.

The trial court found that the prosecutor's great-grandfather was the brother of the juror's grandfather; in other words, the prosecutor's great-great-grandfather and the juror's great-grandfather were the same person. Thus, the juror and the prosecutor are second cousins once removed, which is the seventh degree of consanguinity. *See Scott v. Scott* (1965), 140 Ind.App. 320, 209 N.E.2d 518, *trans. denied.*

Wheeler asserts that the prosecutor and juror "are related in the degree at three and one-half," and "by no strech [sic] of the immagination [sic] can one ever bring the degree higher than the fourth degree of relationship." *Appellant's Reply Brief* at 3. Wheeler apparently added the three degrees separating the juror from her great-grandfather to the four degrees separating the prosecutor from his great-great-grandfather, and then divided by two. Wheeler makes this tortuous computation even though the genealogical chart contained in his brief clearly shows that the degree of relationship is seven, not three-and-a-half.

IND. CODE 35–37–1–5(a)(4) states that a juror's relationship within the fifth degree of a victim, complainant, or defendant constitutes good cause to challenge that juror. Although the statute does not include a juror's relationship with a prosecutor, it is sufficiently analogous. In addition, IND. CODE 1–1–4–1(11) provides:

"When a person is required to be disinterested or indifferent in acting on any question or matter affecting other parties, *consanguinity* or affinity *within the sixth degree,* inclusive, by the civil

law rules, or within the degree of second cousin, inclusive, disqualifies the person from acting, except by consent of the parties." (Emphasis added).

Since seven degrees of consanguinity separate the juror and the prosecutor in this case, neither statute is applicable, and the juror was not subject to being challenged as a matter of law.

 Wheeler also claims the familial relationship was deliberately concealed and affected the outcome of his trial.

In post-conviction proceedings, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. *Douglas v. State* (1986), Ind., 490 N.E.2d 270. The trial court's decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Id.*

Wheeler has failed to include a transcript of the voir dire examinations in the record. Our supreme court has held that such an omission constitutes waiver, because it is the defendant's duty to provide a complete record on appeal to enable an intelligent review of the issues presented. *Smith v. State* (1981), Ind., 422 N.E.2d 1179. Regardless of the omission, the prosecutor's affidavit and the juror's testimony reveal that no attempt was made to conceal the familial relationship and the relationship did not influence the juror's verdicts. If throughout the trial the juror never knew of the relationship, there would be no error since the relationship could not have influenced her verdicts. *Barnes v. State* (1975), 263 Ind. 320, 330 N.E.2d 743. The trial court did not err in refusing to grant Wheeler a retrial.

ISSUE II: *Entrapment Defense*

 Wheeler contends the trial court erred by failing to entertain his defense of entrapment at the post-conviction proceeding. We disagree.

The supreme court decided the issue of entrapment adversely to Wheeler on direct appeal. *Hopper, supra* at 27. Issues raised and determined on direct appeal are not reviewable in post-conviction proceed-

ings. *Wells v. State* (1985), Ind., 482 N.E.2d 786. Therefore, the trial court acted properly.

Accordingly, for the above reasons, the judgment is affirmed.

Judgment affirmed.

CONOVER, P.J. and ROBERTSON, J., concur.