Steven **KIMBLE**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 71A03–9412–CR–436.

Court of Appeals of Indiana.

Dec. 14, 1995.

Transfer Denied Feb. 14, 1996.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

STATON, Judge.

A jury convicted Steven Kimble of conspiracy to commit robbery, a class B felony,[1] and felony murder.[2] On appeal, Kimble raises two (restated) issues for our review:

I. Whether a material variance existed between the charging information and the evidence adduced at Kimble's trial.

II. Whether the trial court erred in admitting evidence of Kimble's participation in a racially biased organization.

We affirm.

The facts most favorable to the verdict reveal that on December 21, 1993, Kimble conspired with David Craft, Jaden Thompson and Dennis Hall to rob the victim, Cathy Long. In furtherance of this plan, the foursome picked up Long, drove her to a secluded area and demanded her money. After discovering that Long had no money, Craft stabbed her. When Long attempted to escape, Kimble chased her, pulled her to the ground and stomped on her head. Craft then stabbed her several more times. Long died from her injuries. Kimble was arrested, charged and convicted of conspiracy to commit robbery and felony murder. This appeal ensued.

I.

*Variance*

Kimble argues that reversal is warranted because a material variance existed between the charging information and the evidence adduced at trial. A variance occurs when the proof adduced at trial differs from the crime charged. *Robinson v. State* (1994),

1. IND.CODE § 35–42–5–1 (1993); IND.CODE § 35–41–5–2 (1993).

2. IND.CODE § 35–42–1–1(2) (1993); IND.CODE § 35–41–2–4 (1993).

Ind.App., 634 N.E.2d 1367, 1372. A variance requires reversal only if it is material. *Id.* A variance is considered material only when "it misleads the defendant in the preparation of his defense or it subjects him to the likelihood of another prosecution for the same offense." *Id.* (citing *Dellenbach v. State* (1987), Ind.App., 508 N.E.2d 1309, 1312).

According to Kimble, the Amended Information named him as a principal in Long's murder, and thus varied from the evidence because the State proceeded at trial on a theory of accessory liability.[3] Kimble's argument wholly ignores the specific citations to both IC 35-42-1-1(2) (Felony Murder) and IC 35-41-2-4 (Aiding, Inducing or Causing an Offense) in the Amended Information. Because the charge clearly indicated the State's reliance on the accessory statute, and the evidence presented at trial was consistent with this theory,[4] we conclude that no variance occurred.

## II.

### *Admission of Evidence*

■■■ Kimble next argues that the trial court erred in admitting testimony regarding his membership in a racially biased organization. We note at the outset that Kimble stated no objection to the admission of this evidence. When the appellant fails to object to allegedly inadmissible evidence when it is offered at trial, no error is preserved. *Jenkins v. State* (1993), Ind., 627 N.E.2d 789, 797, *cert. denied,* —— U.S. ——, 115 S.Ct. 64, 130 L.Ed.2d 21. Because Kimble failed to preserve this alleged error, we must determine whether it was fundamental. Fundamental error is a substantial blatant violation of basic principles of fairness which, if not corrected, would deny the defendant fundamental due process. *Townsend v. State* (1994), Ind., 632 N.E.2d 727, 730; *Sailors v. State* (1992), Ind.App., 593 N.E.2d 202, 204, *trans. denied.*

■■■ The admissibility of evidence is within the sound discretion of the trial court; we will reverse only upon an abuse of that discretion. *Hackney v. State* (1995), Ind. App., 649 N.E.2d 690, 692, *trans. denied.* The admission of evidence of uncharged conduct[5] is governed by Indiana Rule of Evidence 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Evidence of prior conduct is admissible only if introduced to prove something other than the defendant's character or propensity to commit the charged crime, the so-called "for-

---

**3.** The Amended Information contained the following charge:

> STEVEN C. KIMBLE, with David Craft, Jaden Thompson, and Dennis Hall, did kill CATHY A. LONG while attempting to commit Robbery, to-wit: to knowingly take property, to-wit: money from CATHY A. LONG or her presence and by putting CATHY A. LONG in fear or by threatening the use of force, while armed with a deadly weapon, to-wit: a knife.
> All of which is contrary to the form of the statutes in such cases made and provided, to-wit: Indiana Codes 35-42-1-1(2) and 35-41-2-4, and against the peace and dignity of the State of Indiana.

Record, pp. 15-16.

**4.** In his brief, Kimble also argues that the State presented no evidence indicating that Kimble aided, induced or assisted Craft in the killing of Long. We disagree. The record clearly establishes that after Craft began stabbing Long, she attempted to flee. Kimble chased and tackled her to prevent her escape. After he caught her, Kimble stomped on Long's head and punched her in the face. Thereafter, Craft stabbed Long several more times. This evidence amply supports the conclusion that Kimble aided, induced or assisted Craft in Long's killing.

**5.** Although Evid.R. 404(b) has been primarily applied in the context of prior criminal acts, its application is not limited thereto. The rule speaks broadly in terms of "crimes, wrongs or acts." In the context of Federal Rule of Evidence 404(b), this language has been interpreted as pertaining to any conduct of the defendant which may bear adversely on the jury's judgment of his character. *See U.S. v. Cooper* (1978), 6th Cir., 577 F.2d 1079, *cert. denied,* 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179; *U.S. v. Senak* (1975), 7th Cir., 527 F.2d 129, *cert. denied,* 425 U.S. 907, 96 S.Ct. 1500, 47 L.Ed.2d 758. Because the Indiana rule mirrors its federal counterpart, we adopt this broad interpretation of the rule's scope.

bidden inference." *Hackney, supra* (citing *Bolin v. State* (1994), Ind.App., 634 N.E.2d 546, 548).

Kimble argues that the trial court admitted evidence of his racial bias, and specifically his membership in a racially biased group, the White Brotherhood, in violation of this rule. We disagree. The record reveals that Kimble and his cohorts planned to commit a robbery in order to purchase drugs and alcohol, but that they specifically chose the victim because she was a black prostitute. Moreover, testimony indicated that after the murder, Kimble stated that he considered himself an "official" member of the White Brotherhood, because he had committed a crime against the black race. This evidence goes directly to Kimble's motive in committing the crime, and is thus admissible under Evid.R. 404(b).

■■■ Our inquiry does not end here. Even if the evidence is admissible under Evid.R. 404(b), it may still be excluded if its prejudicial impact substantially outweighs its probative value. *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 129; Ind.Evidence Rule 403. In applying this standard, we must first determine the probative value of the evidence. *Evans v. State* (1994), Ind., 643 N.E.2d 877, 880. Second, we must determine its likely prejudicial impact. *Id.* In particular, we look for the danger that the jury substantially over-estimated the value of the evidence, or that it aroused the jury's passions or sympathies. *Id.*

■■ In this case, it is clear that Kimble's membership in the White Brotherhood, coupled with his racially-charged statement, was highly probative of his motive for participation in Long's murder. Although under certain circumstances this evidence would likely stir the emotions of the jurors, we do not believe that it had substantial prejudicial impact here. The evidence of Kimble's guilt, including his own testimony regarding his participation in the charged crime, was overwhelming. Accordingly, we conclude that the value of the evidence was not substantially outweighed by the danger of unfair prejudice, and the trial court's admission thereof was within its discretion. Because the evidence was properly admitted, no fundamental error occurred.

Affirmed.

BAKER, J., concurs.

GARRARD, J., concurs in Part I, and concurs in result in Part II.