Robert E. **UTLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A04–9801–CR–14.

Court of Appeals of Indiana.

Sept. 18, 1998.

Transfer Denied Nov. 18, 1998.

Jeffery L. Lantz, Jon K. Aarstad, Evansville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Robert E. Utley ("Utley") appeals his conviction, after a jury trial, of Failure to Stop and Remain at the Scene of an Accident, a class C felony.[1] We affirm Utley's conviction. However, we reverse and remand with instructions that the trial court vacate the restitution order.[2]

### Issues

I. Whether the trial court erred by refusing Utley's tendered instruction regarding the charge of Reckless Homicide.

II. Whether the trial court erred in instructing the jury regarding the mens rea element of the offense of Leaving the Scene of an Accident.

III. Whether the trial court abused its discretion by denying Utley's motion in limine requesting the prohibition of evidence relating to his sexual preference.

IV. Whether the trial court abused its discretion in sentencing Utley to the presumptive term of four years, and in addition, ordering him to make restitution by paying the victim's funeral expenses.

V. Whether Utley was denied his right to a fair trial by the State's closing argument to the effect that Utley had a duty to return to the scene of the accident after he learned that the victim had been injured.

---

1. IND.CODE § 9–26–1–8(a)(2) (accident involving the death of a person).

2. Also, as discussed in n. 3 *infra,* the trial court's imposition of probation is mere surplusage.

## Facts

The largely undisputed evidence reveals that Utley and the victim had formerly been romantically involved for over eleven years. (R. 301–E) (Utley's voluntary statement to police). On October 13, 1996, Utley and the victim had an argument at a bar. (R. 301–E). Eventually Utley left the bar and the victim followed Utley to his car. (R. 301–E). As Utley drove out of the parking lot, he saw the victim running towards the side of the car. (R. 301–E, 447). Utley heard a thump. (R. 448). Another witness testified that he heard a loud crash, saw the victim flying through the air, and saw the Utley's car speed away. (R. 254). The victim died as a result of the injuries sustained in the collision. (R. 362).

Utley was charged with Reckless Homicide and Leaving the Scene of an Accident. (R. 6–7). After a trial, the jury acquitted Utley of Reckless Homicide, but convicted him of Leaving the Scene of an Accident. (R. 31–32). The trial court found that the aggravating and mitigating circumstances balanced each other out and sentenced Utley to the presumptive term of four years. (R. 704). Additionally, the trial court ordered Utley to make restitution by paying the victim's funeral expenses. (R. 704). Also, the trial court ordered Utley to complete 200 hours of community service as a condition of probation.[3] (R. 704). This appeal followed.

## Discussion and Decision

### I. Tendered Instruction

■ Utley argues that the trial court erred by refusing to give the jury the following tendered instruction:

You are instructed that a pedestrian has no right to proceed heedlessly into the path of a vehicle. A pedestrian must exercise ordinary care for his own safety. A pedestrian must at all times exercise ordinary care for his own safety and is required to use all of his own faculties to avoid any danger or injury to himself. If you find that the decedent did not use ordinary care and he was the contributory cause of his injury, then you must find the Defendant not guilty of the offense of Reckless Homicide.

As noted above, Utley was acquitted of the charge of Reckless Homicide. Accordingly, Utley cannot demonstrate any prejudice to his substantial rights flowing from the trial court's refusal to give this instruction. Therefore, we find no reversible error. *See Tyson v. State,* 619 N.E.2d 276, 300 (Ind.Ct. App.1993) (before a defendant is entitled to reversal, he must affirmatively show that there was error prejudicial to his substantial rights), *trans. denied, cert. denied,* 510 U.S. 1176, 114 S.Ct. 1216, 127 L.Ed.2d 562. In so holding, we reject Utley's contention that the instruction somehow could have influenced the jury's verdict regarding the offense of Leaving the Scene of an Accident.

### II. Instructions No. 13 & 14

Utley argues the trial court erred by giving the following instructions over his objection:

Knowledge of the fact that an accident occurred is a necessary element of the proof required upon the prosecution, but this is not to say that the State must prove actual knowledge of an accident by the defendant to obtain a conviction. A jury may infer that a defendant knew that an accident occurred or that a person was injured from an examination of the circumstances of the event. Where conditions were such that the driver should have known that an accident occurred or should have reasonably anticipated that the accident resulted in injury or death to a person the requisite proof of knowledge is present.

. . . .

---

3. As the trial court did not order probation, any terms relating to conditions of probation are mere surplusage, do not prejudice Utley's substantial rights, and do not warrant remedial action on appeal. *See* Tyson v. State, 619 N.E.2d 276, 300 (Ind.Ct.App.1993) (before a defendant is entitled to reversal, he must affirmatively show that there was error prejudicial to his substantial rights), *trans. denied, cert. denied,* 510 U.S. 1176, 114 S.Ct. 1216, 127 L.Ed.2d 562; *Williams v. Rogier,* 611 N.E.2d 189, 196 (Ind.Ct.App.1993) (trial court findings which amount to mere surplusage cannot constitute the basis for reversal even if erroneous), *trans. denied; Donavan v. Ivy Knoll Apartments Partnership,* 537 N.E.2d 47, 52 (Ind.Ct.App.1989).

It is unnecessary for the state to prove that the defendant knew that the death resulted from his accident. This legal requirement of stopping after an accident is mandatory, whether or not a person is familiar with the law or not. In other words, ignorance of the law is no excuse in failing to stop after an accident as long as the defendant knew or should have known that an accident occurred. Likewise, the State need not prove that the defendant's failure to stop caused or contributed to the death. The State need only to prove that the accident resulted in the death of another person.

(R. 628–29; Final Instructions No. 13–14). Utley argues the instructions were not supported by the evidence because he did not claim ignorance of the law. Utley also argues that the instructions failed to inform the jury that the State was required to prove that Utley knew that the accident resulted in injury or death, citing *Micinski v. State*, 487 N.E.2d 150, 152–53 (Ind.1986).

### Standard of Review

■ The instruction of the jury lies largely within the trial court's discretion. *Jewell v. State*, 539 N.E.2d 959, 961 (Ind. 1989). Error in the instruction of the jury will not warrant reversal unless it is of such a nature that the jury is misled regarding the law on the case. *Jackson v. State*, 575 N.E.2d 617, 621 (Ind.1991). Jury instructions are to be considered as a whole and in reference to each other. *Edgecomb v. State*, 673 N.E.2d 1185, 1186 (Ind.1996). In considering whether the trial court erred in giving or refusing an instruction, the reviewing court determines whether the instruction correctly states the law, whether there is evidence in the record to support the giving of the instruction, and whether the substance of the instruction is covered by other instructions which are given. *Fields v. State*, 679 N.E.2d 1315, 1322 (Ind.1997).

■ In the present case, the first instruction tracks the following language from *Micinski*, 487 N.E.2d at 153:

The jury may infer that a defendant knew that an accident occurred or that people were injured from an examination of the circumstances of the event. Where conditions were such that the driver should have known that an accident occurred or should have reasonably anticipated that the accident resulted in injury to a person, the requisite proof of knowledge is present.

Thus, the trial court's instruction correctly stated the law. We cannot conclude that the jury was misled regarding the law in the case. Therefore, the trial court did not abuse its discretion in instructing the jury.

### III. Evidence of Utley's Sexual Preference

Utley argues the trial court should have granted his motion in limine and prohibited evidence reflecting upon his sexual preference at trial. Utley argues that the evidence was inadmissible character evidence, was irrelevant, and the danger of unfair prejudice substantially outweighed its probative value.

### Standard of Review

■ The evidentiary rulings of a trial court are afforded great deference on appeal and are overturned only upon a showing of an abuse of discretion. *Bacher v. State*, 686 N.E.2d 791, 793 (Ind.1997); *Thompson v. State*, 671 N.E.2d 1165, 1171 (Ind.1996). A trial court's decision to admit evidence will not be reversed absent a showing of a manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Minnick v. State*, 544 N.E.2d 471, 477 (Ind.1989).

Indiana Evidence Rule 404 reads:

**(a) Character Evidence Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, . . .

**(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

■ The trial court is accorded wide latitude in ruling on the relevancy of evidence. *Thompson*, 671 N.E.2d at 1171. Rel-

evant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401; *Hardin v. State*, 611 N.E.2d 123, 127 (Ind.1993) (evidence is relevant if it tends to prove or disprove a material fact or sheds any light on the guilt or innocence of the accused). Evidence which is not relevant is not admissible. Evid.R. 402. However, all relevant evidence is admissible, except as otherwise provided by law. *Id.* Even if the testimony offered is only marginally relevant, it is within the trial court's discretion to permit its admission. *Thompson*, 671 N.E.2d at 1171. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. Evid.R. 403; *Hardin*, 611 N.E.2d at 127. The trial court has wide latitude in weighing the probative value of the evidence against the possible prejudice of its admission and its ruling will be reviewed only for an abuse of discretion. *Poindexter v. State*, 664 N.E.2d 398, 400 (Ind.Ct.App. 1996).

Indiana Evidence Rule 404(b) applies to any act not part of the charged offense regardless of whether the other act was criminal. *Cadiz v. State*, 683 N.E.2d 597, 599 (Ind.Ct.App.1997) (gang membership admissible under Evid.R. 404(b) to prove motive despite fact it might bear adversely upon defendant's character); *Kimble v. State*, 659 N.E.2d 182, 184 n. 5 (Ind.Ct.App.1995) (membership in white supremacist group admissible to prove motive under Evid.R. 404(b) despite the fact it might bear adversely upon defendant's character), *trans. denied.*

■ Utley is correct that evidence of a person's sexual preference or propensities is generally considered character evidence. *See Stewart v. State*, 555 N.E.2d 121, 124–25 (Ind.1990) (depraved sexual instinct); *Lawrence v. State*, 464 N.E.2d 923, 924 (Ind.1984) (male's sexual aggressiveness toward women); *Raines v. State*, 251 Ind. 248, 240 N.E.2d 819, 820 (1968) (irrelevant evidence of

homosexual activity reversible error); *Kallas v. State*, 227 Ind. 103, 83 N.E.2d 769, 773–74 (1949), *cert. denied*, 336 U.S. 940, 69 S.Ct. 744, 93 L.Ed. 1098; *Grimes v. State*, 450 N.E.2d 512, 518–19 (Ind.1983) (evidence of bondage/sadomasochism relevant to show how victim died); *D.H. v. J.H.*, 418 N.E.2d 286, 290–93 (Ind.Ct.App.1981) (parent's extra-marital sexual conduct relevant in child custody determination); *Hall v. State*, 167 Ind.App. 604, 339 N.E.2d 802, 804 (1976) (defendant would not be permitted to question State's witness regarding sexual preference for sole purpose of discrediting witness); *State v. Tillman*, 119 Ohio App.3d 449, 695 N.E.2d 792, 798–99 (1997) (evidence of sexual preference not admissible to prove conduct in conformity therewith); *State v. Rivera*, 152 Ariz. 507, 733 P.2d 1090, 1100–01 (Ariz.1987) (evidence of sexual preference, whether heterosexual or homosexual, is character evidence under Evid.R. 404 and, State was appropriately permitted to introduce evidence that victim was heterosexual to rebut defendant's claim that victim had made a homosexual attack); *State v. Lambert*, 528 A.2d 890, 893 (Me.1987) (evidence of victim's character as a heterosexual not admissible under Evid.R. 404(a)); *People v. Kosters*, 437 Mich. 937, 467 N.W.2d 311, 316–17 n. 3 (1991) (evidence of sexual preference covered by Evid.Rule 404); *Cohn v. Papke*, 655 F.2d 191, 193–94 (9th Cir.1981); *People v. Mitchell*, 402 Mich. 506, 265 N.W.2d 163, 169 (Mich.1978); *People v. Limas*, 45 Ill.App.3d 643, 4 Ill.Dec. 242, 359 N.E.2d 1194, 1199 (1977).

■ In the present case, Utley was charged with the homicide of his former lover. The former intimate nature of Utley's relationship with the victim was highly probative and relevant to explain the context of the argument which preceded the events which culminated in the victim's death and any motive Utley may have had to harm the victim. That Utley's sexual preference was disclosed through this evidence was merely incidental or collateral, but "inextricably bound up" with the crime charged. *See State v. Lambert*, 528 A.2d at 892 (evidence of defendant's sexual preference "inextricably bound up" with the crime alleged).

Moreover, it is well-established that evidence which explains the relationship of the defendant with the victim and the context of the alleged crime is not inadmissible simply because it incidentally discloses sexual conduct which, by definition, reflects upon the defendant's character. *See Smith v. State,* 655 N.E.2d 532, 544 (Ind.Ct.App.1995), *trans. denied.*

Thus, the evidence of Utley's sexual preference was not inadmissible under Evid.R. 404 because it was not admitted for the improper purpose of proving that Utley acted in conformity therewith in the commission of the charged homicide. *See Hardin,* 611 N.E.2d at 128 (evidence is only excluded if offered for the sole purpose of producing the "forbidden inference" that the defendant possesses certain character traits and that the defendant acted in conformity with those character traits in committing the charged offense). As the evidence was not introduced for the "forbidden inference" of demonstrating Utley's propensity to commit the charged crime, we cannot conclude that the trial court erred by refusing to prohibit evidence which collaterally referenced Utley's sexual preference which was inextricably bound up with the circumstances of the charged crime.

### IV. Sentencing and Restitution

Utley was sentenced to a four-year term, the presumptive sentence for his class C felony. *See* IND.CODE § 35–50–2–6. He argues that his sentence was enhanced due to the trial court's imposition of conditions of probation and its order of restitution.[4] Utley argues that the trial court's authority to order the defendant to pay the victim's funeral expenses is limited to those defendants convicted of homicides, citing IND.CODE § 35–50–5–3(a)(4).

### A. Restitution

The trial court may order the defendant to make restitution *"in addition to* any sentence imposed ... without plac-

ing the person on probation ... to the victim's estate, or the family of a victim who is deceased." IND.CODE § 35–50–5–3(a) (emphasis added). The subsections below this section, including subsection (4) as cited by Utley, simply list the considerations the trial court must make in fashioning a restitution order. We do not interpret subsection (4) to limit the trial court's authority to require a defendant to pay the victim's funeral expenses to cases involving homicides. Nevertheless, restitution is properly ordered payable to those shown to have suffered injury, harm or loss as a direct and immediate result of the criminal acts of the defendant. *Reinbold v. State,* 555 N.E.2d 463, 470 (Ind.1990). Here, the jury did not convict Utley of reckless homicide. Rather, he was convicted of failing to stop at the scene of an accident. It is apparent in this case that the deceased was an accident victim and not a victim of a crime as contemplated by IND.CODE § 35–50–5–3. Consequently, no funeral, burial, or cremation costs were incurred by the victim's estate because of Utley's failure to stop at the scene of the accident. Therefore, we reverse the decision of the trial court and remand with instructions to vacate the order of restitution.[5]

### B. Sentencing

### Standard of Review

The standard for reviewing a sentence is well-settled. Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of a manifest abuse of that discretion. *Sims v. State,* 585 N.E.2d 271, 272 (Ind.1992). It is within the discretion of the trial court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. *Id.* The reviewing court will not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light

---

4. We reiterate that the imposition of conditions of probation were mere surplusage because the trial court did not impose probation. *See* n. 3 *infra.*

5. Our conclusion is limited to the facts of this case. We can conceive of different factual situations where leaving the scene of an accident could be causally connected to a victim's death and therefore warrant the imposition of restitution.

of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B). The trial court's sentencing statement must identify all significant aggravating and mitigating circumstances, include a specific reason why each circumstance is aggravating or mitigating, and weigh mitigating circumstances against the aggravating factors. *Boyd v. State*, 564 N.E.2d 519, 524–25 (Ind. 1991). The trial court is under no obligation to explain its decision not to find a mitigating factor or to assign any particular weight to the defendant's asserted mitigating factors. *Carter v. State*, 560 N.E.2d 687, 690 (Ind.Ct. App.1990), *trans. denied.*

In the present case, the trial court imposed the presumptive sentence based upon its findings that the aggravating and mitigating circumstances balanced each other out. Under the circumstances, we cannot conclude that the four-year sentence was manifestly unreasonable or otherwise constituted an abuse of discretion. Therefore, we find no error.

### V. Fundamental Error/Ineffective Assistance of Counsel

Utley contends that an argument made by the prosecutor during closing statements prejudiced his right to a fair trial. During his closing statement, the prosecutor outlined Utley's statements made to the police in which he admitted that he had returned to an area near the scene of the accident, saw the ambulance, but still did not report to the authorities. The prosecutor argued: "the statute required" that he go "back there right then and report it...." (R. 516). Utley contends the prosecutor's argument was a misstatement of law because the statute requires the motorist to stop "immediately." *See* IND.CODE § 9–26–1–1. Utley argues the statute does not require a motorist who fails to stop immediately to go back a few minutes later. (Appellant's brief at 30).

Utley presents a specious argument. The requirement that the motorist stop "immediately" as used in the statute cannot be reasonably interpreted as excusing a motorist's failure to return to the scene of an accident a few minutes later, especially under circumstances present in the case at bar in which the motorist obtained information that the victim was injured. We believe the prosecutor's argument was appropriate to demonstrate Utley's consciousness of guilt. *See Daniel v. State*, 524 N.E.2d 1275, 1278 (Ind. 1988) (an attempt to avoid police is circumstantial evidence of the defendant's consciousness of guilt which the jury may consider, in connection with other evidence presented, to find guilt).

In any event, the correct procedure to be employed when the prosecutor makes an improper argument is to request that the trial court admonish the jury and, if further relief is desired, to request a mistrial. *Isaacs v. State*, 673 N.E.2d 757, 763 (Ind. 1996). The failure to request an admonishment or move for a mistrial results in waiver. *Id.* To overcome waiver under these circumstances, the defendant must demonstrate fundamental error. *Id.*

Fundamental error is error so prejudicial that it amounts to a denial of fundamental due process. *State v. Winters*, 678 N.E.2d 405, 410 (Ind.Ct.App.1997). Fundamental error must be of such magnitude to persuade the reviewing court that the defendant could not possibly have received a fair trial or that the verdict is clearly wrong or of such dubious validity that justice cannot permit it to stand. *Id.* Similarly, to obtain reversal on a claim of ineffective assistance of counsel, defendant must demonstrate that counsel's alleged error rendered the result of the proceeding fundamentally unfair or unreliable. *Games v. State*, 684 N.E.2d 466, 469 (Ind.1997) (no longer sufficient to establish a reasonable possibility that the outcome would have been different), *modified on reh'g*, 690 N.E.2d 211.

A successful claim of prosecutorial misconduct requires a determination that there was misconduct by the prosecutor which had a probable persuasive effect on the jury's decision. *Cox v. State*, 696 N.E.2d 853, 859 (1998) ("grave peril" test abandoned as superfluous). The degree of impropriety of the conduct is irrelevant. *Id.* The trial court's instructions to the jury are presumed

to cure any improper statements made during trial. *Fox v. State*, 520 N.E.2d 429, 431 (Ind.1988).

As noted above, the challenged statements made by the prosecutor were not objectionable. Moreover, the jury was correctly instructed regarding the statutory requirements to convict Utley of the instant offense. Based on the above, we cannot conclude that the statements made by the prosecutor served to deny Utley of his right to a fair trial or rendered the proceeding fundamentally unfair. Therefore, we find no error.

We reverse and remand with instructions that the trial court vacate the order of restitution. In all other respects, the judgment of the trial court is affirmed.

BAKER and DARDEN, JJ., concur.